UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CR-88-TLS |
| | ) | |
| PEDRO GARZA | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Determination of Mental Competency [ECF No. 30] filed on May 1, 2013. In this Motion, the Defendant's previous counsel, Anthony S. Churchwood, requested, pursuant to 18 U.S.C. § 4241(b), that the Court order a psychiatric or psychological examination of the Defendant, Pedro Garza, and that the resulting report be filed with the Court. According to attorney Churchward, his client advised him that he had been hearing voices and that he did not believe he was competent to proceed to trial.

By Order [ECF No. 36] dated May 21, 2012, the Court ordered that a licensed professional conduct a psychological or psychiatric examination of the Defendant and complete a report addressing the Defendant's competency to stand trial.

A forensic psychologist conducted an independent psychological examination of the Defendant. On September 23, 2013, the Court received a Forensic Report containing the following: the Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis, prognosis, and the Defendant's mental competency to understand the nature and circumstances of the proceedings and to assist properly in his defense. Although Mr. Garza was only minimally cooperative during attempts to interview him,

the examiner concluded that the Defendant is not currently suffering from a mental disease or defect. The examiner advises that Mr. Garza is competent to stand trial.

In a hearing before Judge Theresa L. Springmann on December 3, 2013, the Defendant's new counsel, Robert Gevers II, stated that he had conferred with his client and that the Defendant did not object to the examiner's findings. Therefore, the Defendant did not wish to pursue a hearing on the matter. The Government also had no objection.

Given the findings set forth in the Forensic Report and the Defendant's representation that he does not dispute those findings, the Court finds that there is no reasonable cause to believe that the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to properly assist in his defense, to understand the nature and consequences of the proceedings against him, or to stand trial, and that there is thus no basis for a hearing to determine competency. To the extent that the Defendant's Motion [ECF No. 30] requests a hearing to determine his mental competency, that request has been rendered MOOT by the Defendant's representation that he no longer wishes to proceed with a hearing in light of the Forensic Report. To the extent the Defendant's Motion requests that the Court determine his mental capacity [ECF No. 30], the Court now finds that because it has not been established by a preponderance of evidence that the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to properly assist in his defense, or to understand the nature and consequences of the proceedings against him, that he is mentally competent to stand trial.

SO ORDERED on December 4, 2013.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT